# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERVON, LLC, a California limited liability company, SUNYATA K. LITTLE and ELEANOR E. LITTLE, individuals; and MARIO GUTIERREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas corporation, JANI-KING INTERNATIONAL, INC., a Texas corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 14-cv-2648 BAS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF 8] |

On January 15, 2014, Plaintiffs Tervon, LLC, Sunyata K. Little, Eleanor E. Little (together "Little"), and Mario Gutierrez commenced this action arising from Plaintiffs' franchisee-franchisor relationship with defendant Jani-King of California,

Inc. ("Jani-King") and its parent company Jani-King International, Inc. (collectively "Defendants") in the San Diego Superior Court. Thereafter, Defendants removed this action to federal court. ECF 1. Defendants now move to dismiss the complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6). ECF 8. Plaintiffs opposed and Defendants replied. ECFs 9, 10.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. ECF 8.

## I.   BACKGROUND[1]

Little, Gutierrez, and Tervon, LLC entered into franchisee contracts with Jani-King in October 2008, November 2008, and October 2010 respectively. Compl. ¶ 15. In March 2011, Jani-King submitted a bid to the City of San Diego for janitorial/cleaning services of Qualcomm Stadium. Compl. ¶ 16. The City's Request for Proposal stated "the typical number of eight (8) hour work shifts following a major event is approximately two and one half (2 ½) to three (3) days but may vary depending on type of event and event scheduling." Compl. ¶ 17. Jani-King's bid quoted $0 for a third day of cleaning as well as $0 for cleaning the parking lot, outside concrete areas, stairs, escalators, elevators, and end zones. Compl. ¶¶ 18–19. A City of San Diego representative contacted Jani-King to inform them that they had failed to include estimates for those costs and as a result, their bid was significantly lower than the other bids. Compl. ¶ 20. Randall Frazine, President of the San Diego Jani-King office, confirmed this was Jani-King's accurate bid. Compl. ¶ 21. Jani-King was awarded the Qualcomm contract in March or April 2011. Compl. ¶ 25.

On June 22, 2012, Jani-King's representative Paul Johnson met with Sotero

---

[1] This statement of facts relies on the facts as pled in Plaintiffs' Complaint and construes them in Plaintiffs' favor. *See* Section II, *infra*.

Enriquez, principal of Tervon, LLC, Salvador Gutierrez on behalf of Gutierrez, and either Sunyata or Eleanor Little to discuss Plaintiffs taking the Qualcomm account. Compl. ¶¶ 26–27. At this meeting Mr. Johnson presented two spreadsheets showing that each franchise owner should expect $3,261.49 profit for each Charger game and $1,178.02 profit for each Aztec game. Compl. ¶ 28. Mr. Johnson also verbally confirmed these numbers were accurate. *Id.* He presented Plaintiffs with a "Labor Hour Summary" listing expected hours for each task. Compl. ¶ 29. The Summary included hours for a third day of cleaning and tasks for which Jani-King bid $0. Compl. ¶¶ 29.

Plaintiffs claim they relied on Mr. Johnson's presentation and statements when they agreed to the Qualcomm contracts, and after the first four events had all incurred significant financial losses. Compl. ¶¶ 30, 34. In August 2012, Plaintiffs spoke to Mr. Johnson regarding their losses, and Mr. Johnson again confirmed the numbers to be correct. Compl. ¶ 35.

On September 4, 2012, Plaintiffs met with Mr. Frazine, representing Jani-King, and Sean Ayres, Executive Director of Jani-King International, Inc., to discuss solutions to Plaintiffs' losses. Compl. ¶ 37. When asked about the numbers on the spreadsheets Mr. Johnson provided, Mr. Frazine told the Plaintiffs that "the numbers . . . were all wrong and the Plaintiffs should just throw the [spreadsheets] away." Compl. ¶ 38.

Plaintiffs incurred significant losses from the Qualcomm contract, which made it difficult to pay their employees and harmed their work relations. Compl. ¶ 42. They had to take out advances from Jani-King to keep paying employees, which caused stress. Compl. ¶ 43.

Gutierrez and Tervon, LLC released their portions of the contract on September 24, 2012 and November 15, 2012 respectively, leaving Little as the sole franchisee until the end of the season on February 2013. Compl. ¶¶ 41, 44.

On January 15, 2014, Plaintiffs commenced this action against Defendants in

the San Diego Superior Court. Thereafter, Defendants removed this action to this Court claiming: (1) fraud by intentional misrepresentation in violation of Civil Code §§ 1709, 1710; (2) fraud by concealment in violation of Civil Code §§ 1709, 1710; (3) negligent misrepresentation in violation of Civil Code §§ 1709, 1710; (4) breach of contract (franchisee agreement); (5) breach of contract (lease agreement); (6) breach of the implied covenant of good faith and fair dealing; (7) violation the California Unfair Competition Law ("UCL", Cal. Bus. & Prof. Code §§ 17200, *et seq.*);  (8) intentional infliction of emotional distress; and (9) declaratory relief. Defendants now move to dismiss Plaintiffs' Complaint in its entirety under Rules 9(b) and 12(b)(6). Plaintiffs opposed and Defendants replied.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**III. DISCUSSION**

    **A. Breach of Contract**

Under California law, there are four elements to a breach of contract: "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West*

*Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Defendants argue that Plaintiffs fail to plead how Jani-King's alleged conduct breached the franchisee contracts. Defs.' Mot. 5:24–25. In their Complaint, Plaintiffs allege Jani-King breached these contracts by the following conduct:

(a) offering Plaintiffs accounts that Jani-King had full knowledge would not be profitable;
(b) making intentional misrepresentations to Plaintiffs regarding the history of the Qualcomm account and its profitability;
(c) failing to provide Plaintiffs with training which was mandated by Jani-King's contract with the City;
(d) failing to advise Plaintiffs of material requirements included in Jani-King's contract with the City, subjecting Plaintiffs to potential liability;
(e) failing to adequately account for the charges Jani-King posted to Plaintiffs' account;
(f) failing to properly advise Plaintiffs of account specifics before requiring Plaintiffs to accept an account;
(g) failing to provide information related to the leasing of equipment;
(h) charging Plaintiffs for monies associated with leasing equipment, even though Plaintiffs did not sign any agreement to lease equipment on the Qualcomm Account.

Compl. ¶ 86.

To plead breach, a plaintiff must allege how the defendant breached a relevant term of the alleged contract. *Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1096 (N.D. Cal. 2007). Here, Plaintiffs simply list several actions by Jani-King and claim breach of contract. Plaintiffs completely fail to connect the dots as to how the actions listed breach any contractual terms or which actions violate which terms. Without more, it is unclear how, for example, "offering Plaintiffs accounts that Jani-King had full knowledge would not be profitable" violates a term of the franchisee contract or even which term this violates. Plaintiffs therefore fail to give Jani-King fair notice of Plaintiffs' claims and the grounds of their entitlement to relief beyond labels and conclusions. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiffs' fourth claim for relief for breach of franchisee contracts is **DISMISSED** without prejudice.

### B. Covenant of Good Faith and Fair Dealing

In California, every contract contains "an implied covenant of good faith and fair dealing . . . that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988) (citation omitted). There are five elements to a breach of the implied covenant of good faith and fair dealing: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citation omitted).

Defendants argue that Plaintiffs' failure to bring a cognizable claim for breach of contract "should also result in the dismissal of a claim for breach of the covenant of good faith and fair dealing" citing to *Lesley v. Ocwen Fin. Corp.*, No. SA CV 12-1737- DOC (JPRx), 2013 WL 990668, at *5 (C.D. Cal. Mar. 13, 2013) and *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1240 (S.D. Cal. 2009). Defs.' Mot. 9:15–21. In *Lesley*, the court dismissed the plaintiff's breach of contract claim because the plaintiff could not sufficiently establish a contract. *Lesley*, 2013 WL 990668, at *4. Since a valid underlying contract is necessary for both a breach of contract claim and a breach of the covenant of good faith and fair dealing claim, the claim for breach of the covenant was also dismissed. *Id*. at 5; *Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317, 326–27 (2000). In *Lyons*, the court applied Georgia law, not California law, under which a breach of the covenant of good faith and fair dealing requires a breach of contract claim. *Lyons*, 718 F. Supp. 2d at 1240; *Stuart Enter. Intern., Inc. v. Peykan, Inc.*, 252 Ga. App. 231, 234 (2001). In California, a plaintiff need not plead or even prove a breach of a specific contractual provision. *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992). If this was not the case, the covenant would have no practical purpose or meaning, as any breach of the covenant

would necessarily also involve breach of some other term of the contract. *Id.*

Plaintiffs have pled the existence of a contract and that Jani-King interfered with Plaintiffs' right to receive the benefits of the contract, namely "to permit Franchisee the right to profit from its efforts". Compl. Exh. 1 Section 6.8. These allegations are sufficient to sustain a claim for breach of the covenant of good faith and fair dealing. Accordingly, the Court **DENIES** Defendants' motion to dismiss as to Plaintiffs' fifth claim for breach of the implied covenant of good faith and fair dealing.

### C. Fraud claims in Violation of Civil Code §§ 1709, 1710

#### 1. *Federal Rule of Civil Procedure 9(b)*

Defendants argue that Plaintiffs did not plead their claims for intentional misrepresentation, deceit by concealment, and negligent misrepresentation with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b) by failing to provide the required who, what, when, where, why, and how of their fraud claim and instead only provide conclusory statements. Defs.' Mot. 12:22–25, 16:1–20. Plaintiffs respond by arguing they have "provide[d] . . . detailed accounts of the 'who' 'what' 'when' 'where' and 'how' the Plaintiffs are entitled to the relief requested." Pls.' Opp'n 5:6–8.

When a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (9th Cir.2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. *See id.* at 1107. Averments of fraud must be pled with sufficient particularity as to give the defendants notice of the

circumstances surrounding an allegedly fraudulent statement. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994) (superseded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir.2001)). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In this case, Plaintiffs have specifically alleged that on June 22, 2012, Johnson, representing Jani-King, misrepresented expected profits of $3,261.49 for Chargers games and $1,178.02 for Aztecs games verbally as well as on spreadsheets. Compl. ¶ 28. Plaintiffs further allege that Jani-King failed to disclose relevant information and numbers related to the contract. Compl. ¶ 68. Jani-King was made aware of its underbid by phone call from the city prior to Johnson's meeting with Plaintiffs and knew its numbers were incorrect. But for Johnson's concealment and misrepresentations, Plaintiffs would not have accepted the Qualcomm contract. Plaintiffs' fraud allegations regarding the June 22 meeting are sufficiently specific to give Jani-King notice of the particular misconduct which is alleged to constitute fraud.

### 2.     *Economic Loss Doctrine*

Defendants further contend that Plaintiffs' fraud claims are precluded by the economic loss doctrine. Under California law, to maintain a fraud claim based on the same factual allegations as a breach of contract claim, a plaintiff must show that "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Robinson Helicopter Co., Inc. v. Dana Corp*, 34 Cal. 4th 979, 989–90 (2004) (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999)). Tort damages have

been permitted in contracts cases where the contract was fraudulently induced. *Id.* at 551–52.

Jani-King's contractual duty was to "secure commercial cleaning and maintenance contracts and offer to Franchisee the opportunity to perform services in accordance with those commercial cleaning contracts . . . ." Compl. Exh. 1 Section 4.3.1. Once offered a cleaning contract, Plaintiffs were given the opportunity to accept or decline. By offering the Qualcomm contract to Plaintiffs, Jani-King satisfied its part of the franchisee contract. The Qualcomm contract itself is then separate. If Jani-King fraudulently induced Plaintiffs into accepting the Qualcomm contract, this is independent of any breach of the Franchisee contract. Therefore Plaintiffs' fraud claims are not precluded by the economic loss doctrine.

### 3. *Indirect Misrepresentation*

Defendants additionally argue that Plaintiffs' fraud claims are flawed because at least two Plaintiffs were not present at the June 22 meeting with Johnson and did not hear the alleged misrepresentations directly. Defs.' Mot. 11:7–21. Under California law, a fraudulent misrepresentation may be made to one person intending that he or she shall communicate it to another, as where a misrepresentation is made to one of two spouses, to an agent, or to a credit rating agency that communicates it to one who extends credit. *Varwig v. Anderson-Behel Porsche/Audi, Inc.*, 74 Cal. App. 3d 578, 580–81 (1977). At the June 22 meeting, either Sunyata or Eleanor Little was in attendance to represent the Little franchisee as a whole and Salvador Gutierrez was present as an agent for Gutierrez. The alleged misrepresentations made at the June 22 meeting were thereby sufficiently communicated to each plaintiff claiming fraudulent misrepresentation.

Accordingly, the Court **DENIES** Defendants' motion to dismiss as to Plaintiffs' first, second, and third claims against Jani-King based on concealment and misrepresentation.

### D. California Unfair Competition Law ("UCL", Cal. Bus. & Prof.

**Code §§ 17200,** *et seq.***)**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. This disjunctive form provides for three independent prongs based upon practices which are (1) unlawful, (2) unfair, or (3) fraudulent. *Cel–Tech Commc'ns v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999). An act can be alleged to violate any one or all three prongs of the UCL. *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1554 (2007). Plaintiffs allege that Jani-King's actions were "unlawful, unfair and fraudulent." Compl. ¶ 99. The Court will evaluate each individually.

### 1.   *Unlawful Business Practices*

Unlawful business practices are "anything that can properly be called a business practice and that at the same time is forbidden by law . . . be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made," where court-made law is, "for example a violation of a prior court order." *Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003) (quoting *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 717–18 (2001); *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994)) (internal quotations omitted).

Practices that are forbidden by law do not include common law violations such as breach of contract. *Lesley*, 2013 WL 990668, at *5. Courts have found that facts supporting a violation of Civil Code § 1709 sufficiently state a cause of action under Cal. Bus. & Prof. Code § 17200. *See Whitehurst v. Bank2 Native Am. Home Lending, LLC*, No. 14-CV-00318-TLN-AC, 2014 WL 4635387, at *8 (E.D. Cal. Sept. 10, 2014). Here, Plaintiffs sufficiently allege violations of Civil Code §§ 1709 and 1710 and therefore state a valid cause of action under § 17200 for unlawful business practices. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' Cal. Bus. & Prof. Code § 17200 claim based on unlawful business

practices.

### 2. *Unfair Business Practices*

The Ninth Circuit has held that "'[u]nfair' simply means any practice whose harm to the victim outweighs its benefits." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (citing *Saunders,* 27 Cal. App. 4th at 839). Plaintiffs have sufficiently alleged harm resulting from Jani-King's fraudulent conduct. Jani-King offers nothing in terms of any benefits or utility of its conduct to balance against the alleged harm. Therefore Plaintiffs have sufficiently alleged unfair business practices within the meaning of the UCL. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' Cal. Bus. & Prof. Code § 17200 claim based on unfair business practices.

### 3. *Fraudulent Business Practices*

Defendants argue that Plaintiffs' claim for fraudulent business practices fails to plead deceit of the public. Defs.' Mot. 18:4–5. The term "fraudulent" as used in § 17200 "does not refer to the common law tort of fraud" but only requires a showing that members of the public "are likely to be deceived." *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008) (citing *Saunders,* 27 Cal. App. 4th 832, 839 (1994); *Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal. App. 4th 1134, 1147 (2003)).

Nothing in the Plaintiffs' allegations suggest that any of Jani-King's representations spread to members of the public or that the representations are likely to deceive the public in any way. Accordingly, Plaintiffs' Cal. Bus. & Prof. Code § 17200 claim, only in so far as it is based on fraudulent business practices, is **DISMISSED** without prejudice.

### E. **Intentional Infliction of Emotional Distress**

Plaintiffs allege that the "significant losses on this account" prevented them from paying their employees. Compl. ¶ 42. As a result, Plaintiffs' employees

1  "became very angry and upset with" them, which "caus[ed Plaintiff] emotional
2  distress." *Id.* Plaintiffs also claim Jani-King "[held] Plaintiffs hostage" by "forc[ing]
3  them to take out advances from Jani-King each month in order to cover expenses
4  and pay its employees for the prior month." Compl. ¶ 43.

5  The elements of a cause of action for intentional infliction of emotional
6  distress are: 1) the defendant engages in extreme and outrageous conduct with the
7  intent to cause, or with reckless disregard for the probability of causing, emotional
8  distress; 2) the plaintiff suffers extreme or severe emotional distress; and 3) the
9  defendant's extreme and outrageous conduct was the actual and proximate cause of
10 the plaintiff's extreme or severe emotional distress. *Potter v. Firestone Tire &*
11 *Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). For conduct to be considered outrageous,
12 it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized
13 community." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1150 (9th
14 Cir.1988) (citing *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979)).

15 Courts have found that false promises of monetary gains do not constitute
16 extreme or outrageous conduct. *See Moncada v. W. Coast Quartz Corp.*, 221 Cal.
17 App. 4th 768, 780 (2013); *Trerice v. Blue Cross of California* 209 Cal. App. 3d 878,
18 883–85 (1989) ("merely pursu[ing] its own economic interests" was not outrageous).
19 Though Defendants' conduct is arguably offensive if true, Plaintiffs do not allege
20 that Defendants threatened or abused them.  Instead, Defendants have allegedly
21 undermined Plaintiffs' financial wellbeing for their own economic gain. While
22 callous, this is not the type of personal attack necessary to support this claim.

23 Further, Plaintiffs' implication that they are indentured servants is inaccurate.
24 Accepting that requesting advances and continuing to work on the Qualcomm
25 contract sunk them deeper into debt, the risk of civil liability does not prevent them
26 from freely breaching the contract. *Fujitsu Software Corp. v. Hinman*, No. A112781,
27 2006 WL 2789139, at *12 (Cal. Ct. App. Sept. 28, 2006); *see Schultz v. Stericylce,*
28 *Inc.*, No. CV F 13-1244 LJO MJS, 2013 WL 4776517, at *6–8 (E.D. Cal. Sept. 4,

2013) (allegations of indentured servitude were not outrageous or extreme conduct).

Lastly, Plaintiffs fail to show the intense mental anguish necessary to support a claim for emotional distress. "With respect to the requirement that the plaintiff show severe emotional distress, this court has set a high bar." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009). Severe emotional distress must be "highly unpleasant mental suffering or anguish 'from socially unacceptable conduct,' which entails such intense, enduring and nontrivial emotional distress that no reasonable [person] in a civilized society should be expected to endure it.'" *Schild v. Rubin* 232 Cal. App. 3d 755, 762–63 (1991) (citation omitted). Plaintiffs' allegations fail to show even a modicum of the distress necessary to support this claim, nor do they allege personally-attacking conduct resulting in their discomfort. Given their failures both legally and factually, the Court must **DISMISS** Plaintiffs' seventh claim for relief for intentional infliction of emotional distress. While the Court does so **WITHOUT PREJUDICE**, Plaintiffs are warned that continued failure to allege facts supporting an emotional distress claim will result in its dismissal with prejudice.

### F. Declaratory Relief

In their ninth cause of action, for declaratory relief, Plaintiffs request "a judicial determination, interpretation and declaration that the foregoing Franchise Agreement language is unenforceable as it is contained within a contract of adhesion and the language is unconscionable and contrary to public policy." Compl. ¶ 110. Plaintiffs refer specifically to the following clause in the franchisee contract: "the parties agree that any damages sought by or awarded to franchisee shall be limited to franchisee's total investment with franchisor, and no punitive damages or exemplary damages will be awarded to franchisee." Compl. ¶ 108. Defendants argue that Plaintiffs "offer nothing more than . . . conclusory, unsupported allegations for why the contracts' provision should be disregarded." Defs.' Mot. 20:12–14.

"Declaratory relief is appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will

terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. Proc. 57. Declaratory relief should be denied, however, if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *Permpoon v. Wells Fargo Bank Nat. Ass'n*, No. 09–01140, 2009 WL 32114321, *5 (S.D. Cal. Sep. 29, 2009) (citing *United States v. Washington*, 759 F.2d 1353, 1356–57 (9th Cir.1985)).

In this case, Plaintiffs allege tortious conduct by Jani-King that could be eligible for punitive damages. Although other remedies exist, determining whether or not the Plaintiffs are eligible for punitive damages will serve a useful purpose in settling the underlying contractual terms of the franchisee contract. Accordingly, the Court **DENIES** Defendants' motion to dismiss as to Plaintiffs' eighth claim for declaratory relief.

### G.   Claims against Defendant Jani-King International, Inc.

Plaintiffs additionally allege all claims against Defendant Jani-King International, Inc. based on the same aforementioned set of facts. Plaintiffs' pleadings, however, entirely fail to allege any wrongdoing or injury caused by Jani-King International, Inc. Accordingly, Plaintiffs' claims for relief against Defendant Jani-King International, Inc. are **DISMISSED** without prejudice.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. ECF 8. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' fourth claim for breach of franchisee contracts, sixth claim for fraudulent business practices, and all claims against Defendant Jani-King International, Inc. The Court **DISMISSES WITH PREJUDICE** Plaintiffs' seventh

1  claim for intentional infliction of emotional distress. The Court **DENIES** the motion
2  as to all remaining claims.  Plaintiffs are given leave to amend and **ORDERED** to
3  file an amended complaint within **21 days**.
4      **IT IS SO ORDERED.**
5  **DATED:  July 6, 2015**

Hon. Cynthia Bashant
United States District Judge